Donohue, J.
The plaintiff Town of Uxbridge (“Town”), brings this action to enjoin defendants from removing loam from property situated on Mendon Street in Uxbridge and be further restrained from removing loam from the Town. For the reasons set forth below, after a hearing held on November 6 and 7, 2000, plaintiffs motion for a preliminary injunction is ALLOWED.
DISCUSSION
The criteria for issuance of a preliminary injunction are that the moving party must show a likelihood of success on the merits of its claim and that absent a preliminary injunction, the moving party will suffer irreparable harm. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). If the standard is met, the court must then balance the risk of irreparable harm to the moving party against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Id. at 617. Where the dispute is not between private parties, the court should also consider the risk of harm to the public interest. GTE Products Corp. v. Steward, 414 Mass. 721, 723 (1993).
In this case, the Town has shown a reasonable likelihood of proving that defendants have violated two of the Town’s bylaws.[1] Both bylaws require a permit from the respective authorities before loam can be removed from the subject property. Defendants did not apply for or receive the required permits.[2]
Defendants argue that a permit is not required because they have merely removed loam for the preparation of a farm stand, which is a permitted exception to the permit requirement.[3] In support of their position, defendants rely on Henry v. Board of Appeals of Dunstable, 418 Mass. 841 (1994). Defendants’ reliance, however, is misplaced as Dunstable is not dis-positive of the instant case.
In Dunstable, the plaintiff was actively using her property to cultivate trees to restore the forest and begin a Christmas tree farm. Id. at 842. The parties did not dispute that this activity fell within the commonly understood meaning of agriculture or horticulture.[4] In this case, defendants’ present activity on the property consists of constructing a gravel parking lot in order to accommodate the land’s future use which will include a farm stand. Defendants have not presented sufficient evidence indicating that loam is currently being removed “as part of the normal operation of a farm” as required by the Town’s General Bylaws. Although defendants may intend to open a farm stand, there is no evidence that defendants are actively growing crops on the property to sell at the stand.[5] Furthermore, even assuming that defendants’ present activity on the land is considered part of “a normal operation of a farm” under the Town’s General Bylaws, defendants still have not complied with the Town’s Zoning Bylaws and do not fall within any exception to those rules. See Footnote 3, supra. Thus, the court finds that plaintiff has shown a reasonable likelihood of success on the merits.
Plaintiff has also shown that absent a preliminary injunction, it will suffer irreparable harm. By removing loam from the premises without obtaining a permit, defendants have deprived the Town of its duty to enforce its laws in order to protect the public interest. As there is no present activity on the property besides the construction of a parking lot, the harm to defendants is minimal. Accordingly, in balancing the harms, and in consideration of the public interest, the Town has demonstrated it is entitled to preliminary relief.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for a preliminary injunction is ALLOWED.

 The bylaws at issue are Section X, subsection A of the Town’s General Bylaws (attached to Verified Complaint as Exhibit C) and Section VII(f)(2) of the Town’s Zoning Bylaws (attached to Verified Complaint as Exhibit E).

 Defendants did receive a permit from the Building Inspector for a temporary sign to be erected on the property (Ex. 1) *346 and an order from the Uxbridge Conservation Commission (Ex. 6). Neither of these, however, are a substitute for the permits required by the Town’s bylaws.

 The Town’s General Bylaws provide that a permit is not required when “loam . . . must be removed ... to construct a public or private road within the Town ... or as part of the normal operation of a farm . . .” The Town’s Zoning Bylaws provide that a permit is not required when loam is being removed “in connection with the construction of a building for which a permit has been duly issued . . . Nothing herein contained, however, shall prohibit the removal of. .. loam .. . in connection with the construction of a building for which a permit has been duly issued, or for the landscaping of a lot from which said . . . loam ... is removed, provided that the Building Inspector has been informed in writing of the changes to be made . .

 The issue in Dunstable was whether the proposed excavation of the land was incidental to the creation of a Christmas tree farm. 418 Mass. at 844.

 The land has been used in the past to grow crops, however, there are no farming operations on the property at this time. Furthermore, although defendants indicate that they plan on selling Christmas trees on the property this season, the trees are grown at another location.